IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SALCEDO<br>                      Plaintiff,<br>v.<br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br>                      Defendants | Case No. 1: 24-cv-12519<br>Judge Matthew F. Kennelly |

**DEFENDANT'S MOTION TO DISMISS**

Defendant "Guangzhouchenzhuoshangmaoyouxiangongsi" (the "**Defendant**"), by and through its undersigned counsel, hereby move to dismiss the Complaint for misjoinder pursuant to Fed. R. Civ. P. 20(a)(2) and insufficient service of process pursuant to 12(b)(5). This Motion is accompanied by the Declaration of Zhuo Chen (the "**Declaration**").

**I. BACKGROUND**

Defendant is a Chinese company with its principle place of business in China. The Defendant operates an online store through walmart.com website. The Complaint alleged that the Defendant sold certain toys (the "**Allegedly Infringing Product**") that infringed Plaintiff's federally registered copyrights, U.S. Registration Nos. PA0002382244 ("**Plaintiff's copyrights**").

Defendant bought the Allegedly Infringing Product from 1688.com, a leading e-commerce platform in China operated by Alibaba. The 1688.com product listing (https://detail.1688.com/offer/694337809354.html) (the "**1688.com Product Listing**") from which Defendant bought the Allegedly Infringing Product currently shows a 5-star rating and a

total of more than 10,000 sales. A screenshot of the 1688.com Product Listing as of the date hereof is reproduced below.



The 1688.com Product Listing does not include any copyright ® sign, or any indication that the product for sale under the listing is protected by Plaintiff's copyrights. Defendant has no knowledge of Plaintiff's copyrights prior to the current case. *See* Declaration ¶9.

Moreover, because Defendant openly bought a highly rated, frequently purchased item through a leading e-commerce platform in China for good and valuation consideration, prior to the current case, Defendant has no reason to suspect that the Allegedly Infringing Product may infringe any copyright.

As a result of the current lawsuit, Defendant is unable to continue its business because Defendant is unable to access its cash in its account or use the cash to pay its employees or other expenses. *See* Declaration ¶12.

## II. Arguments

**A. The Defendant is improperly joined in violation of Fed. R. Civ. P. 20(a)(2)**

Under Fed. R. Civ. P. 20(a)(2), "defendants may be joined in a single action if two requirements are satisfied: (1) the claims against them must be asserted with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there must be a question of law or fact common to all defendants. … [T]o be part of the same transaction requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Estée Lauder Cosmetics Ltd. v. Schedule A Defs.*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (citations and quotations omitted).

Defendant does not operate any online stores listed in Schedule A of the Complaint, other than the one single account through walmart.com that correctly displays its real name "Guangzhouchenzhuoshangmaoyouxiangongsi." Defendant has no communication or collaboration with any other defendants in this case, including any communication in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com. *See* Declaration ¶4-5.

Moreover, prior to the current case, Defendant has (i) no knowledge of Plaintiff's copyrights, s*ee* Declaration ¶9, and (ii) no reason to suspect that the Allegedly Infringing Product may infringe any copyright, because Defendant bought the Allegedly Infringing Product openly through a leading a leading e-commerce platform in China for good and valuation consideration.

Defendant, therefore, shares almost no overlapping facts with any other defendants in this case, against whom the Plaintiff alleged, *inter alia*: "operate under multiple fictitious aliases"

3

(Complaint ¶52), "are in regular communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com" (Complaint ¶53), "are working in active concert to knowingly and willfully" infringe Plaintiff's copyrights (Complaint ¶55). None of these alleged facts apply to Defendant, as described above. In fact, Plaintiff's allegations that *all* the defendants communicated with each other to act in concert to infringe Plaintiff's copyrights appear to be nothing more than mere speculations "upon information and belief."

As such, the Defendant respectfully submits that the Plaintiff has failed to allege sufficient facts in common between the Defendant and any other defendants to support a joinder of the Defendant and other defendants under Fed. R. Civ. P. 20(a)(2).

"The proper remedy for improper joinder of defendants is severance or dismissal without prejudice." *Roadget Business Pte. Ltd. v. Schedule A Defs.*, 2024 WL 2763735 at 4 (N.D. Ill. 2024) (citation omitted). Defendant respectfully requests that it be dismissed from this case, due to the devastating consequence of the lawsuit on Defendant's business.

**B. The Complaint should be dismissed for insufficient service of process**

While Defendant acknowledges that service by via e-mail upon defendants in China, as in the Defendant's case, is permissible under the majority view of this district, Defendant respectfully submits that service via e-mail on China-based defendants is contrary to the Hague Convention and that the Court should consider adopting the view in *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022) (holding that service via e-mail was not permitted for defendants in China under the Hague Convention). *See also Peanuts Worldwide LLC v. Schedule A Defs.* 347 F.R.D. 316, 329-330 (N.D. Ill. 2020) ("One line of authority holds that if a

country—such as China—has affirmatively objected to the alternative means of service listed in Article 10(a) of the Convention, this must be construed as an objection to service by email as well. … No Circuit Court of Appeals has yet directly addressed these relatively complex questions. A definitive resolution of these issues on appeal would provide some much-needed clarity, particularly in light of the mounting volume of 'Schedule A' cases against overseas defendants filed in this district every year.") (citation and quotation omitted). Accordingly, Defendant respectfully requests that it be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

### III. CONCLUSION

In conclusion, the Court should dismiss the Complaint for misjoinder pursuant to Fed. R. Civ. P. 20(a)(2) and insufficient service of process pursuant to 12(b)(5).

Dated January 27, 2025

Respectfully Submitted,

/s/ Longhao Wang

Longhao Wang

*Attorney for Defendant*

150 S. Wacker Suite 2400

Chicago, IL 60606

(718) 200-9474

lwang@lwlegalfirm.com

5